NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS CRUZ CHABLE, | No. 23-3004 |
| Petitioner, | Agency No. A206-547-122 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024**
Portland, Oregon

Before: TASHIMA, NGUYEN, and SUNG, Circuit Judges.

Petitioner, Santos Cruz Chable, a native and citizen of Mexico, seeks review

of an order of the Board of Immigration Appeals ("BIA") affirming a decision by

the Immigration Judge ("IJ") denying his applications for withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA affirms the IJ's decision on the basis of *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the court reviews the IJ's decision "as if it were the BIA's decision." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (cleaned up). "Under the substantial evidence standard, factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (cleaned up).

1. An applicant is eligible for withholding of removal if he demonstrates that his "life or freedom would be threatened" in the country of removal "because of the [applicant's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). "A finding of past persecution triggers a regulatory presumption that the applicant's life or freedom would be threatened if deported." *Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021) (cleaned up). In the absence of past persecution, "an applicant must show that the evidence in the record demonstrates a clear probability of persecution," meaning that it is "more likely than not the person will be persecuted upon return." *Kumar v. Garland*, 110 F.4th 1149, 1159 (9th Cir. 2024) (cleaned up).

Substantial evidence supports the IJ's conclusion that Cruz Chable did not establish past persecution because of his indigenous Mayan identity. "Persecution is an extreme concept" that generally "does not include discrimination on the basis of race or religion." *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) (cleaned up). Similarly, although "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution," "mere economic disadvantage alone does not rise to the level of persecution." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). Cruz Chable's experiences of discrimination in Mexico, including being relegated to the "lowest" construction jobs with minimal pay, therefore do not compel a finding of past persecution.

Substantial evidence also supports the IJ's determination that Cruz Chable did not establish a clear probability of future persecution based on a "pattern or practice" of persecution of "indigenous Mexicans" in Mexico.[1] To establish eligibility for withholding of removal based on a pattern or practice of persecution, an applicant must demonstrate both that "in his home country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant," and that the applicant's "life or freedom would be threatened upon return" based on his "inclusion in and identification with such group of persons." *Wakkary v.*

---

[1] The IJ also concluded that Cruz Chable did not establish a likelihood of persecution based on his membership in a disfavored group. Cruz Chable does not contest this conclusion.

*Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (cleaned up). Although the record includes evidence of discrimination and violence against indigenous groups in Mexico, the evidence is neither sufficiently extreme nor systematic to compel a finding of a pattern or practice of persecution. Substantial evidence therefore supports the IJ's conclusion that Cruz Chable did not establish a clear probability of future persecution.[2] Accordingly, we do not reach the parties' arguments regarding relocation.

Finally, the IJ provided a "rational basis" for denying Cruz Chable's application for withholding of removal. In evaluating Cruz Chable's claims, the IJ discussed specific evidence in the record, including Cruz Chable's declaration and country condition evidence. The IJ determined that Cruz Chable's evidence was insufficient to demonstrate a well-founded fear of future persecution for the purposes of his asylum claim; the IJ therefore did not need to repeat this analysis in determining that Cruz Chable failed to satisfy the "more stringent" clear probability standard for withholding of removal. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). Accordingly, the IJ's analysis was sufficient to allow

---

[2] The government further argues that Cruz Chable cannot establish nexus based on his fear of conflict with his wife's family in Mexico, which "does not implicate a protected category." However, Cruz Chable states that his appeal "focuses" on his claim for withholding of removal based on "his nationality and membership in the [particular social group] of 'indigenous Mexicans,'" and he does not rely on evidence regarding his fear of violence from his wife's family to support his claim. We therefore conclude that there is no dispute between the parties on this issue.

this court to conduct a "proper substantial evidence review." *Castillo v. INS*, 951 F.2d 1117, 1121 (9th Cir. 1991).

2. Substantial evidence also supports the IJ's denial of CAT protection. To establish entitlement to protection under CAT, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). The applicant's fear of torture must be "sufficiently particularized," *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018), and the applicant must "provide some reason to think that he is likely to be tortured by the actors he fears." *Wakkary*, 558 F.3d at 1068. General evidence of torture by police and military officials in Mexico is insufficient to compel a conclusion that Cruz Chable is entitled to CAT protection. *See, e.g.*, *Lopez*, 901 F.3d at 1078. Although some evidence in the record suggests that indigenous people in Mexico are at a greater risk of torture than the general population, this evidence is insufficient to compel the conclusion that Cruz Chable is "more likely than not" to experience torture if he returns to Mexico.

**PETITION DENIED.**

5